**Abatement Order filed September 26, 2017.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-17-00225-CV

_____

**IVAN MORALES AND MYRA MORALES, INDIVIDUALLY AND AS NEXT FRIENDS OF ARIANDNE MORALES, A MINOR, AND YVANNA MORALES, A MINOR, Appellants**

**V.**

**COLIN TAPLIN AND ACCELERATED TRANSPORT, LLC, Appellees**

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-02407**

---

## ABATEMENT ORDER

The reporter's record in this case was due **April 21, 2017**. *See* Tex. R. App. P. 35.1. The record was not filed. On April 24, 2017, this court ordered the court reporter to file the record within 30 days. When the court reporter failed to file the record as ordered, on June 21, 2017 this court ordered the court reporter to file the record within 30 days, and instructed the court reporter that if the record was not filed, the court would order the trial court to conduct a hearing to determine the

reason for failure to file the record. On August 08, 2017 a third order was issued which denied Gina Jackson's motion for extension of time to file the record and ordered her to file the record by August 21, 2017. The record has not been filed with the court. The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c). Because the reporter's record has not been filed timely as ordered, we issue the following order.

We direct the judge of the **55th District Court** to conduct a hearing at which the court reporter, appellant's counsel, and appellee's counsel shall participate (a) to determine the reason for failure to file the record; (b) to establish a date certain when the reporter's record will be filed, and (c) to make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **on or before October 31, 2017**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. If the court reporter files the record before the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.

PER CURIAM


Panel consists of Justices Christopher, Brown, and Wise.